HYLAND LEVIN LLP
By: David R. Dahan, Esq.
Julie M. Murphy, Esq.
6000 Sagemore Drive, Suite 6301
Marlton, NJ 08053
Phone: 856.355.2900
Fax: 856.355.2901
dahan@hylandlevin.com
murphy@hylandlevin.com

Attorney for Plaintiff, Centennial Mill by Del Webb
Community Association, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY, CAMDEN DIVISION

| | |
|---|---|
| CENTENNIAL MILL BY DEL WEBB COMMUNITY ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> PLY GEM HOLDINGS, INC., et al., <br><br> Defendants. | Civil Action No. 1:17-cv-07675 <br><br><br> **Motion Date: January 2, 2018** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
RESPONSE IN OPPOSITION TO MOTION TO SEAL**

Dated: December 19, 2017

HYLAND LEVIN LLP
David R. Dahan, Esq.
Julie M. Murphy, Esq.
6000 Sagemore Drive, Suite 6301
Marlton, NJ 08053
Phone: 856.355.2900
Fax: 856.355.2901
dahan@hylandlevin.com
murphy@hylandlevin.com

*Attorneys for Plaintiff, Centennial Mill by Del Webb
Community Association, Inc.*

{HL759875.2}

# TABLE OF CONTENTS

I. BACKGROUND ........................................................................................................... 1

II. FACTS ......................................................................................................................... 3

   A. REQUESTED REDACTIONS ............................................................................ 3

      1. Requested Redactions of the Opposition Brief ............................................... 3

      2. Requested Redactions of the Pharr Certification ........................................... 3

      3. Requested Redactions of the Reply Brief ...................................................... 4

      4. Requested Redactions of the Dahan Reply Certification .............................. 4

      5. Redactions to the Certification of Peter Oteri .............................................. 5

   B. DEFENDANTS' PURPORTED JUSTIFICATIONS FOR REDACTION ......... 5

III. ARGUMENT ............................................................................................................... 6

   A. LEGAL STANDARD .......................................................................................... 6

   B. DEFENDANTS FAIL TO DEMONSTRATE GOOD CAUSE TO PROTECT THE MATERIAL SUBJECT TO THE PROPOSED REDACTIONS ......................... 7

IV. CONCLUSION .......................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d 216, 220 (3d Cir. 2011) ................................... 7, 8

Leucadia v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir. 1993) ........................... 7

Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) ........................................... 7

Shine v. TD Bank Fin. Grp., 2011 U.S. Dist. LEXIS 84712, at *8-9
   (D.N.J. Aug. 2, 2011) ............................................................................................................. 8

TD Bank, N.A. v. Hill, 2015 U.S. Dist. LEXIS 97409, *17-18
   (D.N.J. July 27, 2015) ............................................................................................................ 8

**Rules**

L. Civ. R. 5.3 ............................................................................................................................ 6, 10

L. Civ. R. 5.3(c)(3) ..................................................................................................................... 5, 6

Centennial Mill by Del Webb Community Association, Inc., Plaintiff in the above-captioned matter ("Plaintiff"), by and through its undersigned counsel, does hereby submit this Memorandum of law in Support of Plaintiff's Response in Opposition to Motion to Seal, and in support thereof avers as follows:

## I.   BACKGROUND

On or about September 29, 2017, Defendants, Ply Gem Holdings, Inc., Ply Gem Industries, Inc., Mastic Home Exteriors, Inc. and MW Manufacturers, Inc. (together, "Defendants"), filed a Notice of Removal in the above-captioned case. [Docket Entry 1]. Plaintiff filed a Motion to Remand to State Court on or about October 27, 2017 (the "Remand Motion"). [Docket Entry 12].

In support of the Remand Motion, Plaintiff submitted the following:

1. Brief In Support of Motion to Remand;
2. Certification of David R. Dahan, Esquire, in Support of Motion to Remand ("Dahan Certification");
3. Exhibit A to the Dahan Certification, Settlement Agreement (the "Settlement Agreement") with the Plaintiff in connection with a lawsuit initiated in 2011 in the Superior Court of New Jersey, Camden County, under Docket No. CAM-L-4609-11 (the "First Litigation"); and
4. Exhibit B to the Dahan Certification, Certification of Steve M. Pharr.

The basis for the Remand Motion is the forum selection clause in the Settlement Agreement, which provides, in pertinent part, "The parties agree that the Superior Court of New Jersey, Camden County shall retain jurisdiction to enforce the terms of this Agreement." The Settlement Agreement does not contain a confidentiality provision. Neither the Remand Motion

{HL759875.2}

nor the documents appended to the Dahan Certification were redacted. Neither the Remand Motion nor the documents appended to the Dahan Certification were filed under seal.

On or about November 6, 2017, Defendants filed, under temporary seal, a Brief in Opposition to Plaintiff's Motion to Remand (the "Opposition Brief"). [Docket Entry 16]. On or about November 13, 2017, Plaintiff filed a Reply in Support of the Motion to Remand (the "Reply Brief"). [Docket Entry 19]. As a courtesy, Plaintiff filed the Reply Brief under temporary seal pending a ruling on the anticipated filing of Defendants' Motion to Seal, but Plaintiff preserved and did not waive its right to contest the merits of sealing the unreacted Reply Brief.

In support of the Reply Brief, Plaintiff submitted the following:

1. Certification of David R. Dahan, Esquire, in Support of Reply Brief in Further Support of Motion to Remand ("Dahan Reply Certification");
2. Exhibit A to the Dahan Reply Certification, Letter from Steve M. Pharr to David R. Dahan, dated as of October 1, 2015;
3. Exhibit B to the Dahan Reply Certification, Letter from David R. Dahan to Steve M. Pharr, dated as of May 26, 2016;
4. Exhibit C to the Dahan Reply Certification, Letter from David R. Dahan to Steve M. Pharr, dated as of June 16, 2016;
5. Exhibit D to the Dahan Reply Certification, Letter from David R. Dahan to Steve M. Pharr dated April 26, 2013;
6. Certification of Peter Oteri; and
7. Certification of Dan McGravey.

On or about November 28, 2017, Defendants filed the Motion to Seal.

## II.   FACTS

The Motion seeks an order from this Court to seal the unredacted versions of the Reply Brief, the Dahan Reply Certification, the Certification of Peter Oteri and portions of the Opposition Brief and Pharr Certification (defined below).

### A.   REQUESTED REDACTIONS

The redactions proposed by Defendants generally relate to quotations, paraphrasing or summarization of certain correspondence between counsel for the Defendants and counsel for the Plaintiff regarding settlement of the First Litigation.

1.   Requested Redactions of the Opposition Brief

With respect to the Opposition Brief filed by Defendants at Docket Entry 16, the material sought to be redacted is as follows:

  a. Pages 2-3 contain statements regarding the trading of settlement offers between Plaintiff and Defendants and the duration of the ensuing settlement negotiations.

  b. Pages 9-10 contain quotations of Plaintiff's demands and allegations, and a summary of evidence supplied by Plaintiff to Defendants in support thereof, as well as the parties' contentions regarding the obligations of the Defendants under the Settlement Agreement.

  c. Page 13 contains a reference to the duration of the settlement negotiations between the parties.

2.   Requested Redactions of the Pharr Certification

With respect to the redacted Certification of Steve M. Pharr, filed at Docket Entry 18 in this case (the "Pharr Certification"), the material sought to be redacted is as follows:

    a. Exhibit 2 contains a settlement proposal from Ryan F. Michaleski, counsel for Defendants, to David R. Dahan, counsel for Plaintiff.

    b. Exhibit 3 contains statements pertaining to a walkthrough of the impacted property and attendance of various representatives thereto.

    c. Exhibit 4 contains Plaintiff's settlement memorandum delivered to Defendants, including Plaintiff's exhibits showing the extent of alleged damages.

    d. Exhibit 5 contains statements by Plaintiff's counsel to the Honorable Anthony M. Pugliese, J.S.C., summarizing the nature of the proceeding, and indicating that the parties are proceeding with mediation and are otherwise engaged in settlement negotiations.

3. <u>Requested Redactions of the Reply Brief</u>

With respect to the Reply Brief, the material sought to be redacted is as follows:

    a. Page 2 contains a statement characterizing Defendants view of the First Litigation.

    b. Page 6 contains quotations and summaries regarding Defendants' position on the effect of the Settlement Agreement on the underlying litigation, and Plaintiff's arguments asserting that Defendants are estopped from raising certain defenses.

    c. Pages 8-9 contain characterizations of settlement correspondence between the parties.

4. <u>Requested Redactions of the Dahan Reply Certification</u>

With respect to the Dahan Reply Certification, the material sought to be redacted is as follows:

  a. Exhibit A contains allegations regarding the general outline of settlement terms according to Defendants' counsel.

  b. Exhibit B contains statements by Plaintiff's counsel regarding demand for damages.

  c. Exhibit C contains statements by Plaintiff's counsel regarding an inspection and demand for damages.

  d. Exhibit D is identical to Exhibit 4 of the Pharr Certification.

5. <u>Redactions to the Certification of Peter Oteri</u>

With respect to the Certification of Peter Oteri, submitted in connection with the Reply Brief, the material sought to be redacted is as follows:

  a. Paragraph 5 contains an explanation of the term "thermal distortion."

  b. Paragraph 6 contains a summary of claims included in the First Lawsuit.

  c. Paragraph 9 contains a summary of the substance of the settlement negotiations.

  d. Paragraph 13 contains statements regarding the length of the prior litigation and the goals of the Plaintiff in negotiating the Settlement Agreement.

B. <u>DEFENDANTS' PURPORTED JUSTIFICATIONS FOR REDACTION</u>

In the index required to be supplied pursuant to L. Civ. R. 5.3(c)(3), Defendants assert as to all proposed redactions the following "Clearly Defined and serious Injury that Would Result if the Relief is not Granted": "Public access to information concerning the alleged 'thermal distortion' in settlement communications and negotiations could disadvantage Defendants in other matters/litigations." [Docket Entry 21-1, Exhibit D].

In their moving papers, Defendants assert the following reasons to justify the redactions:

   a. "Disclosure of this information and the Confidential Documents would cause substantial harm to Defendants." See Certification of Steve Pharr in Support of Motion to Seal at ¶ 11. [Docket Entry 21-1].

   b. "The Disclosure of this highly confidential information could cause substantial harm to Defendants and impair their ability to defend against other claims of alleged 'Thermal Distortion.'" Id. at ¶ 13.

   c. "Indeed, Defendants have been sued, and may in the future be sued, in other matters alleging 'Thermal Distortion' claims, and public access to the Confidential Documents will provide other/future claimants or co-defendants the opportunity to attempt to utilize the information therein in pursuit of liability claims against Defendants, and thus, such disclosure will impair Defendants' ability to effectively defend against other/future disputed claims." Id. at ¶ 14.

No specific information is provided regarding the nature of the purported injury. Defendants provide no specific information regarding the "other matters/litigations". None of the communications for which Defendants seek protection are designated "Confidential" by any of the parties.

### III. ARGUMENT

A. <u>LEGAL STANDARD</u>

Under L. Civ. R. 5.3, a party seeking to seal documents must demonstrate (1) the nature of the materials at issue, (2) the legitimate private or public interests warranting the relief sought, (3) the clearly defined and serious injury that would result if the relief sought is not granted, and (4) why a less restrictive alternative to relief sought is not available. See L. Civ. R. 5.3(c)(3).

Defendants bear the burden of demonstrating justification to override the presumption of public access to pleadings. "There is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." Leucadia v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir. 1993). The presumption of public access applies to a "wide variety of civil records and documents, including papers filed in connection with a motion for summary judgment, the transcript of a civil trial and exhibits admitted at trial, settlement documents and post-settlement motions seeking to interpret and enforce the agreement filed with the district court . . ." Id. at 161 (internal citations omitted).

The presumption of public access may only be overridden for "good cause". Under Third Circuit case law, "good cause" exists when a party makes a particularized showing of a clearly defined and serious injury to such party, and not by merely providing "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).

Settlement documents do not receive preferential treatment under the Third Circuit standard. To the contrary, settlement documents are generally subject to the right of access doctrine when (1) the settlement is filed with the court, and (2) the parties seek the court's interpretation thereof or otherwise move to enforce a provision therein. LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d 216, 220 (3d Cir. 2011).

B.  **DEFENDANTS FAIL TO DEMONSTRATE GOOD CAUSE TO PROTECT THE MATERIAL SUBJECT TO THE PROPOSED REDACTIONS**

Defendants seek to shield from public view any statements relating to, or documents showing, the parties' pre-Settlement Agreement discussions and negotiations. The material covered by the proposed redactions, however, falls squarely within the realm of the public access doctrine, as set forth in the LEAP Systems case and the subsequent cases applying this doctrine.

Here, both the underlying litigation and the Remand Motion involve interpretation and enforcement of the Settlement Agreement, a copy of which is filed with the Court. Defendants fail to demonstrate good cause to shield the information covered by the proposed redactions from public view and, instead, rely on broad and unsubstantiated allegations of alleged harm.

Defendants broadly allege that disclosure of the information could "disadvantage Defendants in other matters/litigations." This is insufficient. See e.g., TD Bank, N.A. v. Hill, 2015 U.S. Dist. LEXIS 97409, *17-18 (D.N.J. July 27, 2015) (denying motion to seal a motion to enforce settlement agreement based on contention that disclosure "would undermine actions taken in prior litigation"); Shine v. TD Bank Fin. Grp., 2011 U.S. Dist. LEXIS 84712, at *8-9 (D.N.J. Aug. 2, 2011) (denying motion to seal based on contention that disclosure of the settlement agreement would cause embarrassment because of concessions made during private negotiations that were inconsistent with party's publicly held opinions and could harm the party's ability to negotiate with future litigants). Defendants point to no specific examples or articulated reasoning beyond their blanket statements.

Moreover, Defendants' Motion is really a red herring, aimed at prolonging the underlying litigation in an effort to delay Plaintiff's recovery. First, the parties did not designate the Settlement Agreement or preceding correspondence as confidential. Second, the correspondence preceding settlement, while instrumental to the questions raised in the remand pleadings and underlying litigation, do not divulge any trade secrets or proprietary information of Defendants that could not otherwise be gleaned from the public record. For example, Defendants' press the Court to permit redaction of correspondence containing statements made in settlement negotiations, but Defendants make no such effort to protect the confidentiality of the Settlement Agreement itself, which arguably sets forth the terms of Defendants' "bottom line." Even if

Defendants' settlement position could be used against them in future or pending litigation, and even if such alleged injury rises to the level appropriate to override the public's interest in the accessing the documents in this case, by allowing the Settlement Agreement to remain public information, Defendant's undermine their position entirely. If the Settlement Agreement is not deemed confidential by Defendants, surely the mere fact that settlement negotiations were on going, or the duration of such negotiations, cannot be deemed confidential. Thus, Exhibit 5 to the Pharr Certification does not require redactions. Likewise, with respect to the substance of settlement communications from Plaintiff's counsel, such as Exhibit 4 to the Pharr Certification or page 9 of the Opposition Brief, it is unclear how statements made by Plaintiff's counsel to Defendants' counsel could bind Defendants or otherwise impair Defendants' ability to defend against thermal distortion claims.

The futility of the Motion is further evidenced by the contradictions in the material sought to be redacted and material deemed appropriate for public access. For example, in Exhibit 5 to the Pharr Certification, Defendants seek redaction of a portion of correspondence to the Court in the First Litigation regarding the existence of settlement discussions. Defendants seek redaction of the duration of settlement negotiations from page 13 of the Opposition Brief. At the same time, the Exhibit 5 correspondence is summarized by the Defendants in their Opposition Brief at p.3, yet no redaction is sought: "Counsel for Plaintiff reported to the court presiding over the Previous Litigation that the parties were actively involved in settlement negotiations." Further, a member of the public could deduce from this statement and the date of the Settlement Agreement the duration of the settlement negotiations between the parties.

Likewise, the redactions sought to the Certification of Peter Oteri, including the definition of Thermal Distortion set forth in the Settlement Agreement, the claims set forth in the

First Litigation, and the subject of the settlement negotiations, are futile because the statements are already a matter of public record as contained in the Settlement Agreement and pleadings filed with the First Litigation.

Finally, a significant portion of the material for which redaction is sought relates specifically to the claims by Plaintiff against Defendants, including the number of windows and units impacted and the calculation of damages by Plaintiff. Defendants have failed to show how, and to what degree, such information specific to the claims made by Plaintiff could impact claims held by other plaintiffs against Defendants.

## IV.    CONCLUSION

As Defendants fail to meet their burden under L. Civ. R. 5.3 and the interpreting case law to make a particularized showing of harm in the event the Motion is denied, this Court should deny the Motion outright.

WHEREFORE, Plaintiff, Centennial Mill by Del Webb Community Association, Inc., hereby requests that this Court enter the proposed order enclosed herewith denying the Motion, adopting the proposed findings of fact and conclusions of law as set forth therein, and ordering such other and further relief as the Court deems necessary and appropriate.

Respectfully submitted,

HYLAND LEVIN LLP

Dated: December 19, 2017

/s/ David R. Dahan
David R. Dahan, Esq.
Julie M. Murphy, Esq.
HYLAND LEVIN LLP
6000 Sagemore Drive, Suite 6301
Marlton, NJ 08053
Phone: 856.355.2900
Fax: 856.355.2901
dahan@hylandlevin.com
murphy@hylandlevin.com

*Attorneys for Plaintiff, Centennial Mill by Del Webb Community Association, Inc.*