HYLAND LEVIN LLP
By:  David R. Dahan, Esq.
Julie M. Murphy, Esq.
6000 Sagemore Drive, Suite 6301
Marlton, NJ  08053
Phone: 856.355.2900
Fax: 856.355.2901
dahan@hylandlevin.com
murphy@hylandlevin.com

Attorney for Plaintiff, Centennial Mill by Del Webb
Community Association, Inc.

UNITIED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY, CAMDEN DIVISION

| | |
|---|---|
| CENTENNIAL MILL BY DEL WEBB COMMUNITY ASSOCIATION, INC., <br><br>Plaintiff,<br><br>v.<br><br>PLY GEM HOLDINGS, INC., et al.,<br><br>Defendants. | Civil Action No. 1:17-cv-07675<br><br>**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Motion Date:  January 2, 2018 |

THIS MATTER having come before the Court on the motion of Defendants for an order pursuant to L. Civ. R. 5.3 to seal certain documents filed of record in this matter ("Motion"), and the Court having read and considered the Motion,

NOW THEREFORE, the Court makes the following Findings of Fact and Conclusions of Law:

{HL759910.1}

## FINDINGS OF FACT

1. On or about September 29, 2017, Defendants, Ply Gem Holdings, Inc., Ply Gem Industries, Inc., Mastic Home Exteriors, Inc. and MW Manufacturers, Inc. (together, "Defendants"), filed a Notice of Removal in the above-captioned case. [Docket Entry 1].

2. Plaintiff, Centennial Mill by Del Webb Community Association, Inc. ("Plaintiff"), filed a Motion to Remand to State Court on or about October 27, 2017 (the "Remand Motion"). [Docket Entry 12].

3. In support of the Remand Motion, Plaintiff submitted the following:

   a. Brief In Support of Motion to Remand;

   b. Certification of David R. Dahan, Esquire, in Support of Motion to Remand ("Dahan Certification");

   c. Exhibit A to the Dahan Certification, Settlement Agreement (the "Settlement Agreement") with the Plaintiff in connection with a lawsuit initiated in 2011 in the Superior Court of New Jersey, Camden County, under Docket No. CAM-L-4609-11 (the "First Litigation"); and

   d. Exhibit B to the Dahan Certification, Certification of Steve M. Pharr.

4. The basis for the Remand Motion is the forum selection clause in the Settlement Agreement, which provides, in pertinent part, "The parties agree that the Superior Court of New Jersey, Camden County shall retain jurisdiction to enforce the terms of this Agreement."

5. The Settlement Agreement does not contain a confidentiality provision.

6. The Remand Motion and the documents appended to the Dahan Certification were not redacted and are not filed under seal.

7. On or about November 6, 2017, Defendants filed, under temporary seal, a Brief in Opposition to Plaintiff's Motion to Remand (the "Opposition Brief"). [Docket Entry 16].

8. On or about November 13, 2017, Plaintiff filed a Reply in Support of the Motion to Remand (the "Reply Brief"). [Docket Entry 19].

9. As a courtesy, Plaintiff filed the Reply Brief under temporary seal pending a ruling on the anticipated filing of Defendants' Motion to Seal, but Plaintiff preserved and did not waive its right to contest the merits of sealing the unreacted Reply Brief.

10. In support of the Reply Brief, Plaintiff submitted the following:

   a. Certification of David R. Dahan, Esquire, in Support of Reply Brief in Further Support of Motion to Remand ("Dahan Reply Certification");

   b. Exhibit A to the Dahan Reply Certification, Letter from Steve M. Pharr to David R. Dahan, dated as of October 1, 2015;

   c. Exhibit B to the Dahan Reply Certification, Letter from David R. Dahan to Steve M. Pharr, dated as of May 26, 2016;

   d. Exhibit C to the Dahan Reply Certification, Letter from David R. Dahan to Steve M. Pharr, dated as of June 16, 2016;

   e. Exhibit D to the Dahan Reply Certification, Letter from David R. Dahan to Steve M. Pharr dated April 26, 2013;

   f. Certification of Peter Oteri; and

   g. Certification of Dan McGravey.

11. On or about November 28, 2017, Defendants filed the Motion to Seal.

12.     The Motion seeks an order from this Court to seal the unredacted versions of the Reply Brief and Dahan Reply Certification, and to make permanent the redactions to the Opposition Brief and Pharr Certification (defined below).

13.     The redactions proposed by Defendants generally relate to quotations, paraphrasing or summarization of certain correspondence between counsel for the Defendants and counsel for the Plaintiffs regarding settlement of the First Litigation.

14.     With respect to the Opposition Brief filed by Defendants at Docket Entry 16, the content sought to be redacted is as follows:

   a. Pages 2-3 contain statements regarding the trading of settlement offers between Plaintiff and Defendants and the duration of the ensuing settlement negotiations.

   b. Pages 9-10 contain quotations of Plaintiff's demands and allegations, and a summary of evidence supplied by Plaintiff to Defendants in support thereof, as well as the parties' contentions regarding the obligations of the Defendants under the Settlement Agreement.

   c. Page 13 contains a reference to the duration of the settlement negotiations between the parties.

15.     With respect to the redacted Certification of Steve M. Pharr, filed at Docket Entry 18 in this case (the "Pharr Certification"), the content sought to be redacted is as follows:

   a. Exhibit 2 contains a settlement proposal from Ryan F. Michaleski, counsel for Defendants, to David R. Dahan, counsel for Plaintiff.

   b. Exhibit 3 contains statements pertaining to a walkthrough of the impacted property and attendance of various representatives thereto.

    c. Exhibit 4 contains Plaintiff's settlement memorandum delivered to Defendants, including Plaintiff's exhibits showing the extent of alleged damages.

    d. Exhibit 5 contains statements by Plaintiff's counsel to the Honorable Anthony M. Pugliese, J.S.C., summarizing the nature of the proceeding, indicating that the parties are proceeding with mediation and are otherwise engaged in settlement negotiations.

16. With respect to the Reply Brief, the content sought to be redacted is as follows:

    a. Page 2 contains a statement characterizing Defendants view of the First Litigation.

    b. Page 6 contains quotations and summaries regarding Defendants' position on the effect of the Settlement Agreement on the underlying litigation, and Plaintiff's arguments asserting that Defendants are estopped from raising certain defenses.

    c. Pages 8-9 contain characterizations of settlement correspondence between the parties.

17. With respect to the Dahan Reply Certification, the content sought to be redacted is as follows:

    a. Exhibit A contains allegations regarding the general outline of settlement terms according to Defendants' counsel.

    b. Exhibit B contains statements by Plaintiff's counsel regarding demand for damages.

    c. Exhibit C contains statements by Plaintiff's counsel regarding demand for damages.

    d. Exhibit D is identical to Exhibit 4 of the Pharr Certification.

18. With respect to the Certification of Peter Oteri, submitted in connection with the Reply Brief, the content sought to be redacted is as follows:

    a. Paragraph 5 contains an explanation of the term thermal distortion.

    b. Paragraph 6 contains a summary of claims included in the First Lawsuit.

    c. Paragraph 9 contains a summary of the substance of the settlement negotiations.

    d. Paragraph 13 contains statements regarding the length of the prior litigation and the goals of the Plaintiff in negotiating the Settlement Agreement.

19. In the index required to be supplied pursuant to L. Civ. R. 5.3(c)(3), Defendants assert as to all proposed redactions the following "Clearly Defined and serious Injury that Would Result if the Relief is not Granted": "Public access to information concerning the alleged 'thermal distortion' in settlement communications and negotiations could disadvantage Defendants in other matters/litigations." [Docket Entry 21-1, Exhibit D].

20. In their moving papers, Defendants assert the following reasons to justify the redactions:

    a. "Disclosure of this information and the Confidential Documents would cause substantial harm to Defendants." See Certification of Steve Pharr in Support of Motion to Seal at ¶ 11. [Docket Entry 21-1].

     b. "The Disclosure of this highly confidential information could cause substantial harm to Defendants and impair their ability to defend against other claims of alleged 'Thermal Distortion.'" Id. at ¶ 13.

     c. "Indeed, Defendants have been sued, and may in the future be sued, in other matters alleging 'Thermal Distortion' claims, and public access to the Confidential Documents will provide other/future claimants or co-defendants the opportunity to attempt to utilize the information therein in pursuit of liability claims against Defendants, and thus, such disclosure will impair Defendants' ability to effectively defend against other/future disputed claims." Id. at ¶ 14.

21. No specific information is provided regarding the nature of the purported injury.

22. Defendants provide no specific information regarding the "other matters/litigations".

23. None of the communications for which Defendants seek protection are designated "Confidential" by any of the parties.

## CONCLUSIONS OF LAW

24. Under L. Civ. R. 5.3, a party seeking to seal documents must demonstrate (1) the nature of the materials at issue, (2) the legitimate private or public interests warranting the relief sought, (3) the clearly defined and serious injury that would result if the relief sought is not granted, and (4) why a less restrictive alternative to relief sought is not available. See L. Civ. R. 5.3(c)(3).

25. "There is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." Leucadia v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir. 1993).

26. The presumption of public access applies to a "wide variety of civil records and documents, including papers filed in connection with a motion for summary judgment, the transcript of a civil trial and exhibits admitted at trial, settlement documents and post-settlement motions seeking to interpret and enforce the agreement filed with the district court . . ." Id. at 161 (internal citations omitted).

27. Good cause exists when a party makes a particularized showing of a clearly defined and serious injury to such party, and not by merely providing "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).

28. Settlement documents are generally subject to the right of access doctrine when (a) the settlement is filed with the court, and (b) the parties seek the court's interpretation thereof or otherwise move to enforce a provision therein. LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d 216, 220 (3d Cir. 2011).

29. The material covered by the proposed redactions falls squarely within the realm of the public access doctrine, as set forth in the LEAP Systems case and the subsequent cases applying this doctrine. Defendants fail to demonstrate good cause to shield the information covered by the proposed redactions from public view and, instead, rely on broad and unsubstantiated allegations of alleged harm.

30. Defendants broadly allege that disclosure of the information could "disadvantage Defendants in other matters/litigations." This is an insufficient showing. See e.g., TD Bank,

N.A. v. Hill, 2015 U.S. Dist. LEXIS 97409, at *17-18 (D.N.J. July 27, 2015) (denying motion to seal a motion to enforce settlement agreement based on contention that disclosure "would undermine actions taken in prior litigation"); Shine v. TD Bank Fin. Grp., 2011 U.S. Dist. LEXIS 84712, at *8-9 (D.N.J. Aug. 2, 2011) (denying motion to seal based on contention that disclosure of the settlement agreement would cause embarrassment because of concessions made during private negotiations that were inconsistent with party's publicly held opinions and could harm the party's ability to negotiate with future litigants).

31. Defendants point to no specific examples or articulated reasoning beyond their blanket statements.

32. Defendants, therefore, fail to demonstrate particularized harm as required by the Local Rules of this Court and interpreting decisions.

33. As Defendants fail to meet their burden under L. Civ. R. 5.3 and the interpreting case law to make a particularized showing of harm in the event the Motion is denied, this Court should deny the Motion outright.

THEREFORE, IT IS on this _____ day of _____, 2018:

ORDERED that the Motion to Seal filed by Defendants is DENIED.

_____, 2018
Camden, New Jersey

                                                  _____
                                                  HON. NOEL L. HILLMAN
                                                  UNITED STATES DISTRICT JUDGE